UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR KELLY,<br><br>          Plaintiff,<br><br>     v.<br><br>KEVIN HIXON,<br><br>          Defendant. | Case No. 24-cv-00871-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding without the assistance of an attorney, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the denial of his state court habeas petition in which he sought to vacate his firearms enhancement under California Senate Bill 620 ("SB 620"). (ECF No. 1.) After screening the petition, the Court found, when liberally construed, it stated a claim capable of judicial determination for the violation of his right to due process. (ECF No. 8.) Respondent has filed a motion to dismiss, Petitioner filed an opposition, and Respondent filed a reply. (ECF Nos. 9-11.) After consideration of these papers and the state court records, for the reasons discussed below, the Court concludes the petition does not state a claim that is capable of judicial determination, and the motion to dismiss is GRANTED.

## STANDARD OF REVIEW

Respondent does not cite a rule or caselaw authorizing its motion, but instead states the motion is "contemplated by this Court's Order to Show Cause. Dkt. 8 at 2." The Order to Show Cause authorized Respondent to "file a motion to dismiss on *procedural* grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases." (ECF No. 8 at 2:23-25 (emphasis added).) In addition to arguing two "procedural

grounds" (untimeliness and procedural default), however, Respondent makes the non-procedural argument the claim in the petition "is not cognizable." [1]  (ECF No. 9 at 3-5.)  The Court construes this latter argument for dismissal as being brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes a motion to dismiss for failure to state a claim upon which relief may be granted.  *See also* Rule 12 of Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

Dismissal for failure to state a claim under Rule 12(b)(6) is a ruling on a question of law.  *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party.  *Id.* at 1484.  Review is limited to the contents of the complaint, *see Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  In addition, the court may take judicial notice of facts, including public records, that are not subject to reasonable dispute.  *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998-99 (9th Cir. 2018) (discussing Fed. R. Evid. 201(b)).

While allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party, the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A pleading filed by a party unrepresented by counsel must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations and citations omitted).

---

[1] For the reasons discussed below, the Court grants Respondent's motion on these grounds and does not reach the untimeliness and procedural default arguments.

**BACKGROUND**

Petitioner attached state court records to the petition, which the Court may consider in evaluating whether the petition states a claim under Rule 12(b)(6). (ECF No. 1 at 9-79.) Respondent submitted some of the same records, as well as two additional state court records: the superior court opinion of October 17, 2022, and the Court of Appeal opinion of January 3, 2023, both of which are discussed below. (ECF No. 9-1 at 23-25; No. 9-2 at 2.) Petitioner does not contest the authenticity of these opinions, nor are they subject to reasonable dispute (nor does Petitioner dispute them). Accordingly, the Court takes judicial notice of them under Rule 201(b) of the Federal Rules of Evidence. *See Khoja*, 899 F.3d at 998-99.

The following facts are alleged in the petition and/or drawing all reasonable inferences in Petitioner's favor, are inferred from the state court records. Pursuant to a plea agreement, Plaintiff pled no contest on November 15, 2017, in Contra Costa County Superior Court, to two counts of robbery and one count of assault with a firearm, admitted a firearm enhancement allegation on the assault count, and received a sentence of twenty-one years in state prison. (ECF No. 9-1 at 23-24.) Petitioner did not appeal.

Effective January 1, 2018, SB 620 amended Sections 12022.5 and 12022.53 of the California Penal Code to grant trial courts the discretion to strike certain firearm enhancements. Cal. Penal Code §§ 12022.5(c), 12022.53, as amended by Cal. Stats. 2017, ch. 682, §§ 1-2; *see People v. Tirado*, 12 Cal. 5th 688, 695-96 (2022). Petitioner filed a petition for a writ of habeas corpus in the Contra Costa County Superior Court on September 1, 2022, seeking to strike his firearms enhancement under SB 620. (ECF No. 9-1 at 24.) The superior court denied the petition as untimely on October 17, 2022. (*Id.* at 25.) On January 6, 2023, the California Court of Appeal dismissed Petitioner's appeal of that decision because there is no right to appeal a superior court's denial of a habeas petition. (ECF No. 9-2 at 2.)

On October 25, 2022, Petitioner filed a second habeas petition in the superior court seeking the same relief under SB 620, and it was denied as successive.[2] (ECF No. 1 at 25.) On February

---
[2] The superior court held SB 620 applies retroactively to Petitioner's case because it became effective before his judgment was "final." (ECF No. 9-1 at 24 & n.3 (citing Cal. Rules of Court

24, 2023, Petitioner filed a habeas petition in the California Court of Appeal, which denied the petition on June 22, 2023, for the reasons "identified by the superior court" and for "fail[ure[3]] to state a prima facie case for relief." (*Id.* at 69.) Petitioner filed a habeas petition in the California Supreme Court on July 24, 2023, which summarily denied the petition on October 25, 2023. (*Id.* at 71, 79.)

## DISCUSSION

A. Petitioner's Claim

Petitioner claims the state courts violated his federal due process rights by denying his request to strike his firearms enhancement under SB 620. Respondent argues this claim is not capable of judicial determination in a federal habeas proceeding.

B. Due Process Standard

A federal court has jurisdiction to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993) (holding federal courts must defer to the state courts' interpretation of state sentencing laws). A federal petitioner may not simply "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Rather, to present a viable claim on federal habeas review based on an error of state law, a petitioner must show that the alleged state law error was "so arbitrary and capricious as to constitute an independent due process ... violation." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (citation omitted). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) (citation omitted); *see*, *e.g.*, *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (whether assault with deadly weapon qualifies as "serious felony"

---

8.308(a); *People v. Zamora*, 35 Cal. App. 5th 200, 207 (2019).)
[3] The record submitted by the parties does not indicate the date of this decision. (ECF No. 1 at 25;

4

under California's sentence enhancement provisions, Cal. Penal Code §§ 667(a) and 1192.7(c)(23), is question of state sentencing law and does not state constitutional claim).

C. <u>Due Process Analysis</u>

Drawing all reasonable inferences in Petitioner's favor, the state court records show as a matter of law the state courts' denial of relief under SB 620 did not "misappl[y]" state law in a way that was "fundamentally unfair" or "arbitrary and capricious" so as to violate Petitioner's right to due process. *Richmond*, 506 U.S. at 50; *Christian*, 41 F.3d at 469.

The superior court denied Petitioner's petition seeking relief under SB 620 as untimely based upon the following reasoning:

> Petitioner asserts that because he entered into a negotiated plea disposition, he believed he would need to obtain a certificate of probable cause in order to seek the benefits of SB 620, until the California Supreme Court's ruling in *People v. Stamps* (2020) 9 Cal. 5th 685. In *Stamps* the court held that a[n] appellate claim seeking relief under Senate Bill 1393 (a similar statute granting discretion to strike certain enhancements at sentencing) was not an attack on the plea itself and did not require a certificate of probable cause. However, even assuming that the *Stamps* ruling bears on Petitioner's case in such a fashion as to excuse delay, Petitioner fails to explain the delay subsequent to that decision's issuance. The *Stamps* decision was issued June 25, 2020; the instant petition was not filed until over two years later. Petitioner fails to demonstrate good cause for the delay, especially given the relative simplicity of the claim. (*See*, *e.g.*, [*In re*] *Reno* [(2012)] 55 Cal. 4th [428,] 461 [presumption of no substantial delay for writ filed in capital case within 180 days]; *In re Crockett* (2008) 159 Cal.App.4th 751, 758 [delay of 8 months not unreasonable in "unique case"]; *In re Lucero* (2011) 200 Cal.App.4th 38 [delay of 10 months not unreasonable in murder case involving life sentence].)
>
> As petitioner has failed to demonstrate good cause for the delay, this court finds that his petition must be summarily denied as untimely.

(ECF No. 9-1 at 24-25 (parentheticals in original).)

In his petition to the California Court of Appeal, Petitioner did not offer any explanation for his post-*Stamps* delay. (ECF No. 1 at 32-33.) In the petition to the California Supreme Court, he asserted such delay was due to his "lack of insight and/or understanding," but he provided no further explanation, such as what he did not understand or any efforts he made to obtain assistance

5

or understanding sooner. (*Id.* at 75-76.) In his opposition to the present motion,[4] Petitioner adds new allegations that he did not learn of the *Stamps* decision until "late 2021" due to lockdowns and restrictions on law library access during "2020-2021."[5] (ECF No. 10 at 3-4.) But even accounting for these allegations and taking them as true, Petitioner waited over nine more months after discovering *Stamps* (until September 2022) to file his first state habeas petition, and he offers no explanation for this delay.

In addition, Petitioner does not adequately explain his *pre-Stamps* delay of nearly two and a half years between SB 620's effective date (January 2018) and *Stamps* (June 2020). In his petitions to the superior court and Court of Appeal,[6] he asserted he thought he needed a certificate of probable cause and that his guilty plea precluded him from seeking relief under SB 620. ( ECF No. 1 at 12, 32.) But the authority he cited to justify this misconception does not address whether an inmate needs a certificate of probable cause or whether a guilty plea precludes seeking Section 620 relief in a state habeas petition. (*Id.* (citing *cf. People v. Wright*, 31 Cal.App.5th 749, 754-56 (2019) (discussing California cases addressing the availability of *direct appeals* after a defendant waives the right to *appeal* in plea agreement, and holding such waiver did not foreclose arguing sentencing error on appeal based on an unforeseen change in the law).)

In the present petition, Petitioner states the "federal question" is "if whether Petitioner's 60 days from November 15, 2017, made Petitioner eligible for the retroactive relief to SB 620? As well as if whether Petitioner's eligibility falls under Petitioner's Fourteenth Amendment to Due Process of Law." (ECF No. 1 at 7.) In his opposition, Petitioner argues the "State Superior Court denied Petitioner's Liberty Interest to an opportunity to be heard via recall and resentencing." (ECF No. 10 at 2.) The Court interprets Petitioner to be arguing the superior court's denial of relief under SB 620 violated his "liberty interest" in the retroactive application of SB 620 to his

---

[4] Petitioner makes these allegations to support his argument on a different issue (timeliness under the federal statute of limitations). (ECF No. 10 at 3-4.) Petitioner is not represented by an attorney, so the Court considers these allegations as if they were made regarding the question of whether he has stated a due process claim.
[5] Petitioner did not present these allegations of lockdowns and law library access to the state courts. (ECF No. 1 at 12-13, 32-33, 75-76.)
[6] Petitioner made no attempt to explain this delay in his petition to the California Supreme Court.

1  sentence. This argument is not supported by the record because, as discussed above, the superior
2  court explicitly held SB 620 *did* retroactively apply to his case because his judgment was *not* yet
3  final when SB 620 became effective. (ECF No. 9-1 at 24 & n.2.) The superior court did not reject
4  Petitioner's claim on retroactivity grounds, but rather on the grounds of untimeliness, that is, he
5  was not entitled to such relief because waited too long to bring it. Petitioner does not cite any
6  authority, nor is the Court aware of any, that he had a "liberty interest" protected by due process in
7  delaying as long as he did to bring his claim to the state courts.

8      The federal courts that have addressed habeas claims challenging the California courts'
9  denial of relief under SB 620 have persuasively concluded this claim asserts a violation of state
10  law and found no fundamental unfairness in violation of the petitioner's right to due process. *See*,
11  *e.g.*, *Thomas v. Matterson*, 2024 WL 1484596, *3-4 (C.D. Cal. 2024); *Roberts v. Gastelo*, 2023
12  WL 5724556, at *9-10 (E.D. Cal. 2023); *Chandra v. California*, 2022 WL 614426 at *21 (N.D.
13  Cal. 2022); *cf. Hearod v. Davis*, 2019 WL 7562682 *6-7 (C.D. Cal. 2019) (addressing analogous
14  claim under SB 640). Petitioner has not cited any decisions, nor is the Court aware of any,
15  holding the state courts violated the federal due process guarantee by denying relief under SB 620.

16      So, drawing all reasonable inferences in Petitioner's favor, and based upon the state court
17  records submitted by the parties, the Court concludes as a matter of law the denial of relief under
18  SB 620 was not a "misapplication" of state law that was "arbitrary and capricious" or
19  "fundamental[ly] unfair" in violation of his constitutional right to due process. *See Richmond*, 506
20  U.S. at 50; *Christian*, 41 F.3d at 469.

**CONCLUSION**

22  For the above reasons, Respondent's motion to dismiss is GRANTED on the grounds the
23  petition does not present a claim capable of judicial determination. No certificate of appealability
24  ("COA") should be issued under 28 U.S.C. § 2253(c)(1)(A) as "reasonable jurists" would not
25  "find the above "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*,
26  529 U.S. 473, 484 (2000).

27  This order resolves docket number 20.

28  **IT IS SO ORDERED.**

7

Dated: March 7, 2025

                                               *signature*

JACQUELINE SCOTT CORLEY
United States District Judge